UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DANIEL LEE LACKEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:24-CV-330-TAV-SKL |
| LINCOLN COUNTY JAIL and LUKE MARCUM, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate confined in the Lincoln County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Corrections Officer ("CO") Luke Marcum used excessive force against him [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address these filings in turn.

**I.    FILING FEE**

Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] establishes that he cannot pay the filing fee in a lump sum. Accordingly, this motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust

account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

B.     **Allegations**

In his complaint, Plaintiff alleges in relevant part that CO Marcum used excessive force against him after he refused to take his medications, that other jail officials saw this incident, and that he tried to file an "incompatible" regarding CO Marcum, but this defendant still works around him [Doc. 2, pp. 3–4]. Plaintiff has sued CO Marcum and the Lincoln County Jail [*Id.* at 1, 3]. As relief, Plaintiff requests to file a lawsuit and for the Court to send someone to see how the Lincoln County Jail is being run so that more people do not get hurt [*Id.* at 5].

C.     **Analysis**

First, the Lincoln County Jail is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"). And while Lincoln County, which runs the Lincoln County Jail, is an entity subject to suit under § 1983, Plaintiff's complaint does not suggest that a custom or policy of Lincoln County

3

caused any violation of his constitutional rights, such that the complaint could state a plausible § 1983 claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Accordingly, the Lincoln County Jail will be **DISMISSED**. However, Plaintiff's Eighth Amendment claim against CO Marcum will proceed at present.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Only Plaintiff's Eighth Amendment claim against CO Marcum will proceed herein, and the Lincoln County Jail is **DISMISSED**;

6. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for CO Marcum;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

8. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9. Service on CO Marcum shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

4

10. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

11. CO Marcum shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If CO Marcum fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

12. Plaintiff is **ORDERED** to immediately inform the Court and CO Marcum or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE