UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DANIEL LEE LACKEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:24-CV-330-TAV-SKL |
| LUKE MARCUM, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1]. On November 5, 2024, the Court entered an order (1) directing the Clerk to send Plaintiff a service packet for Defendant Luke Marcum, (2) ordering Plaintiff to complete the service packet and return it to the Clerk within 21 days of entry of that order, and (3) notifying Plaintiff that failure to timely comply would result in dismissal of this action without further notice, among other things [Doc. 5, pp. 4–5]. However, more than 21 days have passed since the Court's entry of its previous order [*Id.*], and Plaintiff has not complied with that order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to *sua sponte* dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule

actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff received that order and chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendant. As to the third factor, as set forth above, the Court notified Plaintiff that failure to comply with its previous order would result in dismissal of this action without further notice [*Id.* at 5]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, and he has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that

2

a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from responding to the Court's order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE